Thomas E. POWERS, Plaintiff,

v.

WARNER BROS. RECORDS, INC., et al., Defendants.

WARNER BROS. RECORDS, INC., et al., Third-Party Plaintiffs,

v.

JAMESTOWN ENTERPRISES, INC., an Illinois Corporation, et al., Third-Party Defendants.

No. 75 C 2557.

United States District Court, N. D. Illinois, E. D.

April 15, 1976.

748

Howard B. Abrams, Chicago, Ill., for plaintiff.

Robert A. Downing and Arlene C. Erlebacher, Sidley & Austin, Chester T. Kamin and Terry Rose Saunders, Jenner & Block, Wallace, Shelton, Kleinman & Kalcheim, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

The Court has concluded that the third-party complaint filed against Harry Fox Agency, Inc. ("Fox") fails to state a claim, upon which relief may be granted. Accordingly, the motion to dismiss filed by Fox will be granted and the third-party plaintiffs will be given an opportunity to amend their complaint.

■ The first assertion of third-party plaintiffs is that Fox is liable in contract due to the allegedly false representation in the licensing agreement. This agreement was entered into between third-party plaintiffs and Fox, who acted as agent for Nine Mile Music. The agreement contained language to the effect that Nine Mile Music was the copyright proprietor of the phonograph record at issue in this case.

We believe the license agreement is replete with language indicating that Fox is acting as agent for a disclosed principal, Nine Mile Music. Where the identity of the principal for whom an agent acts is sufficiently disclosed to a third party, then the principal and not the agent is liable on the contract. *Valkenburg K–G v. The S. S. Henry Denny*, 295 F.2d 330, 333 (7th Cir. 1961). Thus, we find that the complaint fails to state a claim against Fox arising out of the license agreement.

The second theory on which third-party plaintiffs seek to hold Fox liable is misrepresentation, one that is either fraudulent or negligent. The alleged misrepresentation is to the effect that Nine Mile Music was the copyright proprietor of the phonograph record.

■ As to the purported theory of a fraudulent misrepresentation, Fed.R.Civ.P. 9(b) specifically requires that the circumstances constituting the fraud shall be stated with particularity. *Tomera v. Galt*, 511 F.2d 504 (7th Cir. 1975). In the instant case, we do not believe the third-party complaint gives sufficient notice as to the nature of the alleged fraud. Moreover, there is no allegation that Fox acted with fraudulent intent.

■ Third-party plaintiffs further assert that Fox made a negligent misrepresentation. Again, the complaint is lacking, even under the rules of notice pleading. There are no allegations as to the respects in which Fox failed to exercise the required degree of care. The pleading seems to have been drafted almost on a strict liability theory.

It is therefore ordered that, insofar as third-party plaintiffs claim a breach of contract against Fox, such claim be dismissed. As to the claims for misrepresentation, they are dismissed with leave to amend those claims within 21 days. Defendant Fox will be given 21 days thereafter to plead to any amendment.